```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
STRIKE 3 HOLDINGS, LLC,

                Plaintiff,                  CORRECTED ORDER

         - against -                        23 Civ. 2184 (NRB)

JOHN DOE, as subscriber assigned IP
address 71.167.74.221,

                Defendant.
---------------------------------------X
```

**WHEREAS** plaintiff Strike 3 Holdings, LLC filed a Letter Motion for Leave to Serve a Third-Party Subpoena on March 29, 2023 (ECF No. 7) (the "Motion"); and

**WHEREAS** the Court finds that there is good cause to grant the relief requested in the Motion based on plaintiff's need to serve a third-party subpoena upon Verizon Fios, defendant's Internet Service Provider ("ISP"), to ascertain the identity of the defendant in this case; it is hereby

**ORDERED** that plaintiff's Motion is granted to the extent provided below; and it is further

**ORDERED** that plaintiff may serve the ISP with a subpoena under Federal Rule of Civil Procedure 45 seeking information sufficient to identify the Doe defendant, including his or her name and address; and it is further

**ORDERED** that plaintiff may also serve a Rule 45 subpoena upon any intermediary ISP that may be identified in response to a

subpoena as providing internet services to the defendant; and it is further

**ORDERED** that if and when an ISP is served with a subpoena, the ISP shall give written notice to any affected subscribers, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court; and it is further

**ORDERED** that if the ISP or defendant wishes to modify or quash a subpoena, such party must do so within forty-five (45) days of the date of service of the subpoena; and it is further

**ORDERED** that if defendant wishes to litigate a subpoena anonymously, defendant must file a motion with this Court for permission to do so within this 45-day period; and it is further

**ORDERED** that if defendant wishes to litigate a subpoena anonymously, defendant must file a motion with this Court for permission to do so within this 45-day period; and it is further

**ORDERED** that the ISP may not turn over defendant's identifying information to plaintiff during this 45-day period, and, if defendant has moved to quash or to proceed anonymously, the ISP may not turn over defendant's information until the motion is resolved; and it is further

**ORDERED** that a defendant or ISP who moves to quash or modify a subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify the relevant ISP or ISPs so that the ISP

or ISPs are on notice not to release any of the defendant's contact information to plaintiff until after the Court rules on the motion; and it is further

**ORDERED** that, following the 45-day period, the ISP shall have 10 days to produce information responsive to the subpoena to plaintiff, except for information pertaining to any defendant with a pending motion to modify or quash the subpoena, or to proceed anonymously; and it is further

**ORDERED** that, if plaintiff files an amended complaint identifying defendant, plaintiff shall submit such complaint under seal to the Court. Defendant shall have 30 days from the date of service of that complaint to file any applications with the Court under seal; and it is further

**ORDERED** that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. § 551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

> (c) Disclosure of personally identifiable information
>
> (2) A cable operator may disclose such information if the disclosure is-
>
> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the

order is directed . . . ;

And it is further

**ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely motion to quash; and it is further

**ORDERED** that plaintiff shall reimburse any ISP who responds to this subpoena for the cost incurred for each IP address lookup, including notifying the relevant subscribers; and it is further

**ORDERED** that plaintiff may only use the information disclosed for the purpose of litigating the instant case; and it is further

**ORDERED** that plaintiff shall provide the subpoenaed ISP with a copy of this Order.

DATED:   New York, New York
         April 7, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE